UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Michael Dahdah,					Case No.

       Plaintiff,

v.

Rocket Mortgage, LLC,

       Defendant.

# CLASS ACTION COMPLAINT AND JURY DEMAND

## INTRODUCTION

1. Defendant Rocket Mortgage, LLC ("Rocket") engages in aggressive and illegal telemarketing. Rocket wakes people up at 5am with its unsolicited telephone calls. When people answer, often there is silence, and no one is on the line. Rocket does this even though these people are on the Do Not Call Registry and have asked Rocket to stop calling them!

2. Like most Americans, Plaintiff Michael Dahdah ("Michael") has a mobile cellular telephone.

3. He uses his phone to receive and make important calls, to get emergency information and to receive and send messages to family members and friends. He uses his phone for his personal enjoyment.

4. Rocket is a company that markets mortgage products through unwanted telemarketing calls.

5. Rocket has initiated telemarketing calls to Michael and members of the classes.

6. Michael and class members have tried to stop these calls.

7. First, they registered their numbers on the national Do Not Call Registry ("DNCR"), but Rocket called anyway.

8. Second, Michael, and some Class members, have tried to eliminate the harassment, invasion of their privacy and other damage from the unauthorized calls by directly requesting that Rocket stop calling them, but even that has not worked.

9. Rocket does not timely honor those do not call requests.

10. Adding to Michael's and the classes' frustration, Rocket abandons calls by failing to connect to a live sales representative within two (2) seconds of the called person's completed greeting and then not playing a prerecorded or automated message that allows them to opt out.

11. Rocket knows that making telemarketing calls to people on the DNCR, failing to timely honor opt-outs, and abandoning calls is an invasion of people's privacy and violates the Telephone Consumer Protection Act ("TCPA").

12. These calls have caused Michael and the Class members frustration, stress, and anxiety. Rocket's practices prohibit them from enforcing their rights to make a do-not-call request. The calls cause them to avoid looking at their phones or answering calls when it may have been important. The calls reduce their phones' storage and battery life. Opt-out requests are ignored causing extra frustration. Personal time is lost. In short, the calls invade their privacy, diminish the value of their phones and their enjoyment of life, and cause a nuisance, an annoyance, and an intrusion into their seclusion.

13. "In enacting the TCPA, Congress found that banning robocalls was 'the only effective means of protecting telephone consumers from this nuisance and privacy invasion.' … In plain English, the TCPA prohibited almost all robocalls to cell phones." *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2344, 207 L. Ed. 2d 784 (2020).

14. Because of Defendant's continuing violations of the law, Michael brings this action for himself and for other similarly situated people in the United States to enjoin these abusive practices, and for damages.

**JURISDICTION AND VENUE**

15. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA, 47 U.S.C § 227.

2

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant is located within this district, and a significant portion of the facts giving rise to this lawsuit occurred in this District.

## PARTIES

17. Plaintiff Michael Dahdah is a resident of Los Angeles County, California.

18. Defendant Rocket Mortgage, LLC is part of Rocket Companies, Inc and is a Delaware Corporation with its principal place of business in Wayne County, Michigan.

## FACTUAL ALLEGATIONS

19. Michael, and Class members, have residential cellular telephones and have had their privacy and the use of their phones invaded by the telemarketing calls from Rocket.

20. Michael is the residential subscriber of the cell phone number 310-951-0114 and has been for many years. Michael uses this number for personal use and does not use it in any business.

21. Michael registered his number on the National Do Not Call Registry in 2017.

22. Rocket made at least eight calls to Michael's cell phone between June 27, 2022, and June 30, 2022. Michael may well have received many calls before June 27th.

23. Some of the calls happened around 5am in the morning, waking up Michael.

24. Michael is not now, and never has been, a customer of Rocket.

25. Rocket made the calls for the purpose of selling mortgage products and services.

26. When Michael answered the calls no one responded for more than 2 seconds, and no message played. Sometimes nobody was on the other end of the call.

27. Michael told Defendant to stop calling him multiple times, yet he continued to receive calls.

28. When the number which appears on the caller identification was called back, someone from Rocket answered the call stating that Rocket had made the calls.

29. Rocket alleged they were trying to reach someone else.

30. Michael is the sole user of his phone number. Michael has never authorized anyone else to use his number.

31. Michael never provided his phone number to Rocket and never agreed to Rocket contacting him in any way.

32. Many people have reported calls from Rocket without consent.

33. Rocket willfully made the calls to people on the Do Not Call registry, abandoned calls, and called people after being told to stop.

34. These calls have caused Michael and the Class members frustration, stress, and anxiety. The calls were abandoned. The calls caused them to avoid looking at their phones and answering calls when it may have been important. The calls reduce their phones' storage and battery life. In short, the calls invade their privacy, diminish the value of their phones and their enjoyment of life, and cause a nuisance, an annoyance, and an intrusion into their seclusion.

## LEGAL STANDARD

35. **Do Not Call Registry**. Residential telephone subscribers who do not want to receive telephone solicitations may place their phone number on the DNCR. 47 C.F.R. § 64.1200(c). The TCPA proscribes callers from making "any telephone solicitation to… [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2).

36. **Abandoned Calls**. "A call is 'abandoned' if it is not connected to a live sales representative within two (2) seconds of the called person's completed greeting." 47 C.F.R. § 64.1200(a)(7). Whenever a call is abandoned, "the telemarketer or the seller must provide a prerecorded identification and opt-out message." *Id.* at 64.1200(a)(7)(i).

37. **Honoring Do Not Call Requests.** The FCC issued regulations prohibiting persons or entities from initiating any call for telemarketing purposes to a residential telephone subscriber unless the person or entity has instituted certain listed procedures for maintaining a do-not-call list. *Charvat v. NMP, LLC*, 656 F.3d 440, 443–44 (6th Cir. 2011); 47 C.F.R. § 64.1200(d). "Relevant here, the regulations require the telemarketer to …; (3) honor a person's

4

request not to be called, § 64.1200(d)(3)." *Charvat v. NMP, LLC*, 656 F.3d 440, 443–44 (6th Cir. 2011) If a person makes a do-not-call request, the business must honor that request within a reasonable time from the date such request is made. *Nece v. Quicken Loans, Inc.*, No. 8:16-cv-2605-T-23CPT, 2018 WL 1326885, at *7 (M.D. Fla. Mar. 15, 2018) (concluding that there was a genuine dispute of material fact as to whether a business honored a plaintiff's do-not-call request in a reasonable amount of time, and the reasonableness of the business's response was for the jury to decide).

38.     **Calls before 8 a.m**. 47 U.S.C. §1200(c)(1) provides that: No person or entity shall initiate any telephone solicitation to: (1) Any residential telephone subscriber before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location).

## CLASS ACTION ALLEGATIONS

39.     Pursuant to Civ. R. 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of himself, and three Classes of persons similarly situated in order to remedy the ongoing unlawful business practices alleged herein and to seek redress on behalf of all those persons who have been harmed thereby, including injunctive relief.

40.     **Class Definitions.** Plaintiff proposes the following three Classes:

> **The Do Not Calls Class**. All persons throughout the United States (1) to whom Rocket placed, or caused to be placed, at least two calls within a 12-month period (2) initiated to a number on the Do Not Call Rregistry, but not assigned to a current account holder of Rocket (3) in the four years before the filing of this action through the date of class certification.
>
> **The Abandoned Call Class**. All persons throughout the United States (1) to whom Rocket placed, or caused to be placed, a call (2) directed to a number not assigned to a current account holder of Rocket (3) where the calls were not connected to a live sales representative within two seconds of the called person's completed greeting, (4) and Rocket did not play a prerecorded identification and opt-out message, (5) in the four years before the filing of this action through the date of class certification.

>**The Internal DNC Class**. All persons throughout the United States (1) to whom Rocket placed, or caused to be placed, a call (2) directed to a number not assigned to a current account holder of Rocket (3) for which Rocket did not timely honor a do not call request (4) in the four years before the filing of this action through the date of class certification.

41. A prospective class must meet a total of seven independent requirements. An identifiable class must exist, the definition of the class must be unambiguous, and the named representative must be a member of the class. The remaining five requirements originate in Rule 23(a) and (b): (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Finally, in addition to the prerequisites of Rule 23(a), a party seeking class certification must show that the class action is maintainable under Rule 23(b).

42. **Numerosity.** Proposed classes with hundreds of members are routinely held to satisfy the numerosity requirement. In determining whether to certify a class, it is not necessary for a court to know the precise number of class members. Rather, the court may rely upon reasonable inferences drawn from the known facts. Here, the Classes are so numerous that joinder of all members would be impracticable. The exact size of the Classes and the identity of the members are readily ascertainable from Defendant's business records and likely number in at least the tens of thousands. Upon information and belief, Defendant makes millions of calls a year.

43. **There are questions of law or fact common to the class.** There are questions of law and fact common to the proposed Classes. Traditionally, it has been the rule that to satisfy the commonality requirement, only one single issue that is common to all members of the class is required, not multiple issues. The common questions herein include, *inter alia*:

> i. Did Plaintiff receive a call from Rocket?
> ii. Does Rocket timely honor do not call requests?

  iii. Does Rocket abandon calls?

  iv. Does Rocket play a prerecorded identification and opt-out message on abandoned calls?

  v. Were the calls telemarketing calls?

  vi. Were Rocket's actions willful or knowing?

  vii. Are class members entitled to the statutorily mandated relief?

Common answers to these questions will drive the resolution of the litigation.

44. **Typicality**. Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of the claims or defenses of the class. This requirement seeks to ensure that the interests of the named representatives align with the interests of the members of the proposed class. A named plaintiff's claim is typical if the claim arises from the same practice, event or course of conduct giving rise to the other class members claims and claims are based on the same legal theory. Plaintiff's claims herein are typical of those of the Classes he seeks to represent. Plaintiff's and the Class members claims arise from the same conduct of Defendant: improper calls while on the Do Not Call Registry, failure to timely honor do not call requests and abandoning calls without playing a prerecorded identification and opt-out message. There are no unique issues or defenses to Plaintiff's claims. Plaintiff's interests align with members of the Class.

45. **Adequacy.** The named representatives must have common interests with the unnamed members of the class, and it must be apparent that the named representatives will vigorously prosecute the interests of the class through qualified counsel. Plaintiff is an adequate representative of the Classes because his interests are common with the interests of the Classes, and he will fairly and adequately protect the interests of the Classes by pursuing this matter. Plaintiff is represented by counsel competent experienced in TCPA and class action litigation.

46. **The Class Is Clearly Defined and its Members Identifiable**. A class is sufficiently ascertainable when class members can be identified based on objective criteria. *See,*

*Rikos v. P&G*, 799 F.3d 497, 526 (6th Cir. 2015). The Classes are ascertainable using objective criteria from Defendant's own records and the national Do Not Call Registry.

47.   **Rule 23(b)(3) issues**. The questions of law and fact common to the class members predominate over questions affecting only individual members. A class action is superior to multiple individual suits because it conserves judicial resources, promotes consistency and efficiency of adjudication and deters illegal activities. The interests of individual members of the Classes in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Managing this case as a class action should have no significant difficulties. It will prevent inconsistent results.

48.   The law applicable to each putative class member is identical. The facts are too. Ultimately, the basic questions in this case are the same for all Class members. Precedent demonstrates these questions can be litigated as a class.

## FIRST CAUSE OF ACTION
### Violations of 47 U.S.C. § 227(c) & 47 C.F.R. 64.1200(c)
### (On Behalf of Plaintiff and the Do Not Call Class)

49.   Defendant's initiating two calls within 12 months to people on the Do Not Call Registry violated 47 U.S.C. § 227(c) and 47 C.F.R. 64.1200(c).

50.   As a result of Defendant's violations of 47 U.S.C. § 227(c) and 47 C.F.R. 64.1200(c), Plaintiff and members of the Do Not Call Class have been damaged and are entitled to an award of $500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

51.   Because Defendant knowingly and willfully violated 47 C.F.R. 64.1200(c), the Court should treble the $500.00 per-call award to $1,500.00 in statutory damages for each violation.

52.   Plaintiff and members of the Do Not Call Class are also entitled to injunctive relief prohibiting Defendant from making calls to people on the Do Not Call Registry.

## SECOND CAUSE OF ACTION

### Violations of 47 C.F.R. § 64.1200(d)

### (On Behalf of Plaintiff and the Internal Do Not Call Class)

53. Defendant's failure to timely honor the opt-out requests of Plaintiff and members of the Class constitutes a violation of 47 C.F.R. § 64.1200(d).

54. As a result of Defendant's violation of 47 C.F.R. § 64.1200(d), Plaintiff and members of the Internal Do Not Call Class have been damaged and are entitled to an award of $500.00 in statutory damages for each violation.

55. Because Defendant knowingly and willfully violated 47 C.F.R. § 64.1200(d), the Court should treble the $500.00 per-call award to $1,500.00 in statutory damages for each violation.

56. Plaintiff and members of the Internal Do Not Call Class are also entitled to and seek injunctive relief prohibiting Defendant from timely honoring do not call requests.

## THIRD CAUSE OF ACTION

### Violations of 47 C.F.R. § 64.1200(a)(7)

### (On Behalf of Plaintiff and the Abandonment Class)

57. Defendant's failure to provide a precorded identification and opt-out message, as well as an automated, interactive voice- and/or key press-activated mechanism, whenever a live sales representative was not available to speak within two seconds of the called person's completed greeting constitutes a violation of 47 C.F.R. § 64.1200(a)(7).

58. As a result of Defendant's violation of 47 C.F.R. § 64.1200(a)(7), Plaintiff and members of the Abandonment Class have been damaged and are entitled to an award of $500.00 in statutory damages for each violation.

59. Because Defendant knowingly and willfully violated 47 C.F.R. § 64.1200(a)(7), the Court should treble the $500.00 per call award to $1,500.00 in statutory damages for each violation.

60. Plaintiff and members of the Abandoned Call Class are also entitled to and seek injunctive relief prohibiting Defendant from abandoning calls without playing a prerecorded identification and opt-out message, and without providing an opt-out mechanism.

## FOURTH CAUSE OF ACTION

### Violations of 47 C.F.R. § 64.1200(c)(1)

### (On Behalf of Plaintiff)

61. Defendant's calls before 8 a.m. constitutes a violation of 47 C.F.R. § 64.1200(c)(1).

62. As a result of Defendant's violation of 47 C.F.R. § 64.1200(c)(1), Plaintiff has been damaged and is entitled to an award of $500.00 in statutory damages for each violation.

## RELIEF REQUESTED

Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against Defendant:

A. Certification of the proposed Classes.

B. Appointment of Plaintiff as class representatives.

C. Appointment of the undersigned as counsel for the Classes.

D. An order enjoining Defendant as set forth above.

E. An award of damages to Plaintiff and the Classes as allowed by law; and

**F.** Orders granting such other relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the Complaint so triable.

Dated: August 8, 2022

                                        Respectfully Submitted,

                                        /s/ *Amy L. Bennecoff Ginsburg*
                                        Amy L. Bennecoff Ginsburg
                                        LawHQ, P.C.
                                        299 S. Main St. #1300
                                        Salt Lake City, UT 84111
                                        385-285-1090
                                        amy.ginsburg@lawhq.com