## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Michael Dahdah, *on behalf of himself and others similarly situated*, | Case No. 4:22-cv-11863-FKB-DRG |
| *Plaintiff,* | Hon. F. Kay Behm<br>U.S. District Judge |
| v. | |
| Rocket Mortgage, LLC, | Hon. David R. Grand<br>U.S. Magistrate Judge |
| *Defendant.* | |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF ROCKET MORTGAGE, LLC'S MOTION TO IMPOSE <u>AUTOMATIC STAY OF PROCEEDINGS PENDING APPEAL</u>

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................1

ARGUMENT........................................................................................2

I.      Rocket Mortgage's appeal is plainly not frivolous. ........................2

II.     The Court should leave any assessment of frivolousness to the Sixth Circuit. ..................................................................................5

CONCLUSION ....................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Adams v. Yontz*,
    Nos. 94-3767, 94-3770, 1996 WL 5563 (6th Cir. Jan. 5, 1996)..........................6

*Coinbase, Inc. v. Bielski*,
    599 U.S. 736 (2023)...............................................................1, 2, 6, 7

*Dickerson v. McClellan*,
    37 F.3d 251 (6th Cir. 1994) ................................................................6

*Dubay v. Wells*,
    506 F.3d 422 (6th Cir. 2007) ...........................................................2, 4

*Hopper v. Montgomery Cnty. Sheriff*,
    No. 3:14-cv-158, 2017 WL 4870216 (S.D. Ohio Feb. 21, 2017)....................6, 7

*Knopf v. Elite Moving Sys.*,
    677 F. App'x 252 (6th Cir. 2017) ........................................................4

*Livingston Christian Schs. v. Genoa Charter Twp.*,
    No. 15-cv-12793, 2016 WL 4437674 (E.D. Mich. Aug. 23, 2016) ....................5

*McCann v. Fuller*,
    No. 1:19-cv-1032, 2023 WL 10947210 (W.D. Mich. Aug. 1, 2023)...........2, 6, 7

*McNeal v. Kott*,
    590 F. App'x 566 (6th Cir. 2014) ........................................................6

*Monson v. Ghougoian*,
    No. 18-10638, 2023 WL 2249958 (E.D. Mich. Feb. 27, 2023) ..........................7

*Mys v. Mich. Dep't of State Police*,
    736 F. App'x 116 (6th Cir. 2018) .........................................1, 2, 3, 5

*Offineer v. Kelly*,
    No. 09-cv-493, 2011 WL 736397 (S.D. Ohio Feb. 23, 2011).............................7

*Pieper v. Am. Arb. Ass'n, Inc.*,
    336 F.3d 458 (6th Cir. 2003) ................................................................3

*Pucci v. 19th Dist. Ct.*,
    No. 07-10631, 2009 WL 596196 (E.D. Mich. Mar. 6, 2009)..............................3

*Shirley v. Rocket Mortg.*,
    No. 2:21-cv-13007, 2022 WL 2541123 (E.D. Mich. July 7, 2022) ............1, 3, 4

*Wiseman v. Cate*,
    No. 1:14-cv-00831, 2018 WL 6068041 (E.D. Cal. Nov. 20, 2018)....................3

*Yates v. City of Cleveland*,
    941 F.2d 444 (6th Cir. 1991) ................................................................................6

**Statute:**

9 U.S.C. § 16(a) ........................................................................................................1

## INTRODUCTION

The Court must stay these proceedings pending the outcome of Rocket Mortgage's appeal under 9 U.S.C. § 16(a).  *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 738, 747 (2023); *see generally* ECF No. 47.  Plaintiff does not dispute that Rocket Mortgage properly and timely noticed an appeal under 9 U.S.C. § 16(a), and he concedes that under *Coinbase* "an interlocutory appeal normally stays a case."  ECF No. 48 ("Opp.") 1.  Nonetheless, despite *Coinbase*, Plaintiff argues that this Court may yet deny a stay and retain jurisdiction over these proceedings while Rocket Mortgage's appeal is pending by certifying the appeal as "frivolous."  *Id*. at 3.  The Court should reject Plaintiff's baseless attempt to circumvent the "automatic" stay *Coinbase* requires, for two main reasons.  599 U.S. at 742.

First and foremost, Rocket Mortgage's appeal is plainly *not* frivolous.  To the contrary, Rocket Mortgage's arguments in support of compelling arbitration were adopted by another judge of this Court (Judge Cox) in a nearly identical class action against Rocket Mortgage involving the very same website and the very same arbitration agreement that are at issue here.  *Shirley v. Rocket Mortg.*, No. 2:21-cv-13007, 2022 WL 2541123, at *6-7 (E.D. Mich. July 7, 2022).  That this Court disagreed with the *Shirley* decision and Rocket Mortgage's arguments does not somehow render those arguments so "readily recognizable as devoid of merit in that there is little prospect that [they] can ever succeed."  *Mys v. Mich. Dep't of State Police*,

736 F. App'x 116, 117 (6th Cir. 2018).  Plaintiff's arguments support no different conclusion.

Second, the Sixth Circuit has never "h[eld] that district courts may certify interlocutory appeals as frivolous." *McCann v. Fuller*, No. 1:19-cv-1032, 2023 WL 10947210, at *1, *2 n.3 (W.D. Mich. Aug. 1, 2023).  The Court of Appeals can make that determination for itself.  Accordingly, if the Court does not reject outright Plaintiff's suggestion of frivolousness, it should simply impose the automatic stay of proceedings that *Coinbase* mandates; it need not further scrutinize the merits of the appeal.

## ARGUMENT

### I.   Rocket Mortgage's appeal is plainly not frivolous.

Plaintiff's sole argument against a stay of these proceedings under *Coinbase* is his assertion that Rocket Mortgage's appeal is frivolous.  His argument is baseless.  An appeal may not be deemed frivolous simply because a district court believes its decision to be correct; rather, "[a]n appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit." *Dubay v. Wells*, 506 F.3d 422, 432-33 (6th Cir. 2007).  The appeal must be, in other words, "[o]ne in which no justiciable question has been presented and [the] appeal is readily recognizable as devoid of merit in that there is little prospect that it can ever succeed." *Mys*, 736 F. App'x at 117.

Rocket Mortgage's appeal does not come close to this standard.  As Rocket

Mortgage explained in its briefing related to its motion to compel arbitration, *see* ECF No. 11 at 1-2, 17-19, another judge of this Court (Judge Cox) adjudicated a motion to compel arbitration by Rocket Mortgage involving the exact same website (LowerMyBills.com) and arbitration agreement that are at issue in this case, and concluded that the terms of use on the website were sufficiently conspicuous and ordered the dispute to arbitration:

> A user of the website … would clearly see the hyperlinks directly below the second and third buttons before he clicked on them. As such, the Court finds that LMB's notice of terms was conspicuous such that a reasonably prudent Internet user would have seen it.

*Shirley*, 2022 WL 2541123, at *6-7.   Although this Court disagreed with Judge Cox's decision, the fact that another judge of this Court adopted the position Rocket Mortgage advanced in this case forecloses Plaintiff's argument that Rocket Mortgage's appeal is "readily recognizable as devoid of merit."  *Mys*, 736 F. App'x at 117; *see Pieper v. Am. Arb. Ass'n, Inc.*, 336 F.3d 458, 465 (6th Cir. 2003) (appeal not "wholly without merit" when court "had not previously decided the question" and "one federal appellate court ha[d] in fact adopted [appellant's] position"); *Pucci v. 19th Dist. Ct.*, No. 07-10631, 2009 WL 596196, at *3 (E.D. Mich. Mar. 6, 2009) ("[that] two other judges in this district have reached an outcome different than this Court in similar but distinguishable cases … suggest[s] that an appeal is not frivolous"); *Wiseman v. Cate*, No. 1:14-cv-00831, 2018 WL 6068041, at *2 (E.D. Cal. Nov. 20, 2018) (appeal not frivolous "particularly given other district court's

determinations" that "have differed").

Even apart from *Shirley*, this Court's decisions demonstrate that Rocket Mortgage's arguments are not frivolous. In its briefing, Rocket Mortgage undertook a careful analysis of the factual record and judicial precedent to explain why arbitration is required here. *See* ECF No. 11 at 3-12, 14-25; ECF No. 18 at 1-7; ECF No. 32 at 5-14; ECF No. 39 at 1-7. Although this Court did not agree with those arguments, it never suggested they were "wholly without merit." *Dubay*, 506 F.3d at 432-33. To the contrary, the Court recognized that "'reasonable minds could disagree' about the conspicuousness of the notice," ECF No. 30 at 29, and it gave consideration to Rocket Mortgage's legal and factual arguments for reconsideration, *see* ECF No. 42 at 3-14. Mere disagreement with a party's arguments does not render them frivolous. *Knopf v. Elite Moving Sys.*, 677 F. App'x 252, 258 (6th Cir. 2017) ("while we reject Sandweiss's arguments, we do not deem the appeal to have been frivolous").

Neither of Plaintiff's arguments supports a frivolousness conclusion. He first contends that Rocket Mortgage's appeal must be frivolous because this Court issued two lengthy opinions that "meticulously analyzed" and "carefully evaluated" Rocket Mortgage's arguments for compelling arbitration. Opp. 3-4. The exact *opposite* inference follows: that this Court dedicated a collective 57 pages to "meticulously analyz[ing]" Rocket Mortgage's arguments is a clear sign that the "result" is *not*

"obvious," Opp. 3-4, and that Rocket Mortgage's arguments are *not* "readily recognizable as devoid of merit." *Mys*, 736 F. App'x at 117; *see Livingston Christian Schs. v. Genoa Charter Twp.*, No. 15-cv-12793, 2016 WL 4437674, at *1 (E.D. Mich. Aug. 23, 2016) ("[t]he thoughtful and lengthy analysis the court underwent in granting the [defendant's] motion for summary judgment is evidence" that "[plaintiff's] claims were not 'frivolous'").

Plaintiff's next argument is even weaker. He observes that this Court denied the motion to compel based on the first requirement for "inquiry notice" under California law (conspicuousness), without deciding whether Rocket Mortgage established the second requirement (assent), and that he "made two additional arguments" in opposition to the motion to compel. Opp. 4. But as Plaintiff concedes, those issues and arguments were "not … addressed by the Court" in either of its decisions. *Id*. Arguments this Court never considered cannot be a basis for the Court to conclude that Rocket Mortgage's appeal of the issue it *did* resolve is frivolous. Plaintiff cites no authority to support this counterintuitive argument.

## II. The Court should leave any assessment of frivolousness to the Sixth Circuit.

The Court should reject Plaintiff's request for a frivolousness certification for the additional reason that there is no authority from the Sixth Circuit that permits a district court to retain jurisdiction by certifying an arbitration appeal as frivolous. So even if the Court does not reject outright Plaintiff's suggestion of frivolousness—

and, to be clear, it should—the Court should leave resolution of that issue to the Sixth Circuit and impose the stay of proceedings *Coinbase* requires.

The Sixth Circuit has never "h[eld] that district courts may certify interlocutory appeals as frivolous." *McCann*, 2023 WL 10947210, at *1, *2 n.3. Although the Court of Appeals hinted at the possibility (in dicta) in *Yates v. City of Cleveland*, 941 F.2d 444, 448-49 (6th Cir. 1991), it has since been at best "equivocal concerning [a district court's] jurisdiction to certify an appeal as frivolous," *Hopper v. Montgomery Cnty. Sheriff*, No. 3:14-cv-158, 2017 WL 4870216, at *2 (S.D. Ohio Feb. 21, 2017); *see McNeal v. Kott*, 590 F. App'x 566, 569 (6th Cir. 2014) ("A district court may (or may not) have authority to issue an order labeling an interlocutory appeal as frivolous").[1] And although *Coinbase* observed that some courts of appeals have "developed a process by which a district court itself may certify that an interlocutory appeal is frivolous," 599 U.S. at 745, it did not impose that procedure on those circuits that have not adopted it, *see McCann*, 2023 WL 10947210, at *2 n.3 (stating that *Coinbase* did not "hold[] that district courts may certify interlocutory appeals as frivolous" (emphasis omitted)).

Given this dearth of guidance, some courts in this Circuit have held that

---

[1] *McNeal* relied on two Sixth Circuit decisions decided after *Yates* that reversed district court decisions that sought to retain jurisdiction by certifying an appeal as frivolous and then dismissing the notice of appeal. *See Dickerson v. McClellan*, 37 F.3d 251 (6th Cir. 1994); *Adams v. Yontz*, Nos. 94-3767, 94-3770, 1996 WL 5563 (6th Cir. Jan. 5, 1996).

district courts lack authority to certify appeals as frivolous, *see Offineer v. Kelly*, No. 09-cv-493, 2011 WL 736397, at * 2 (S.D. Ohio Feb. 23, 2011), while others have concluded that a district "[c]ourt's authority to certify an appeal as frivolous is, at best, unclear," and so deferred that issue to the Sixth Circuit, *McCann*, 2023 WL 10947210, at *1 & n.2, *2 ("declin[ing] to certify Defendants' interlocutory appeal as [frivolous]" due to lack of "clear guidance from the Sixth Circuit"); *see also Monson v. Ghougoian*, No. 18-10638, 2023 WL 2249958, at *1 (E.D. Mich. Feb. 27, 2023) ("declin[ing] to certify the appeal as frivolous" even though appellee "might be right that the appeal is frivolous"); *Hopper*, 2017 WL 4870216, at *2 (similar).

This Court should do the same if it does not summarily reject Plaintiff's argument that Rocket Mortgage's appeal is frivolous.  Plaintiff has identified no Sixth Circuit decision authorizing district courts to certify an appeal as frivolous.  Opp. 2. Given the absence of "clear guidance from the Sixth Circuit" on this issue, *McCann*, 2023 WL 10947210, at *2, this Court should impose the automatic stay of proceedings under *Coinbase* and leave any determination of frivolousness to the Sixth Circuit. *See Hopper*, 2017 WL 4870216, at *2 ("Plaintiff should seek such determination regarding frivolousness and jurisdiction directly with the Sixth Circuit.").

## CONCLUSION

The Court must stay these proceedings pending resolution of Rocket Mortgage's appeal to the U.S. Court of Appeals for the Sixth Circuit.

Respectfully submitted,

*/s/ W. Kyle Tayman*

W. Kyle Tayman
Brooks R. Brown
Christina L. Hennecken
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC  20036
Tel.: +1 202 346 4000
Fax: +1 202 346 4444
BBrown@goodwinlaw.com
KTayman@goodwinlaw.com
CHennecken@goodwinlaw.com

Jeffrey M. Thomson (P72202)
JThomson@morganrothlaw.com
MORGANROTH AND MORGANROTH PLLC
344 North Old Woodard Avenue, Suite 200
Birmingham, MI  48009
Tel.: +1 248 864 4000
Fax: +1 248 864 4001

*Counsel for Rocket Mortgage, LLC*

Dated:  October 17, 2024

**LOCAL RULE CERTIFICATION**

I, W. Kyle Tayman, certify that Rocket Mortgage LLC's Reply Memorandum of Law in support of Motion to Impose Automatic Stay of Proceedings Pending Appeal complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length pursuant to Local Rule 7.1(d)(3)(a).

/s/ W. Kyle Tayman
W. Kyle Tayman

## CERTIFICATE OF SERVICE

I certify that on October 17, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ W. Kyle Tayman
W. Kyle Tayman